IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MCNALL; and KARYL MCNALL,   Civil No. 07-3075-CL

       Plaintiffs,   REPORT AND RECOMMENDATION

  v.

CREDIT BUREAU OF JOSEPHINE COUNTY,
an Oregon Corporation; and CHRISTOPHER
D. MECCA,

       Defendants.

CLARKE, Magistrate Judge:

    Plaintiffs, who are proceeding pro se, have filed an amended complaint for violations of the Fair Credit Reporting Act (FCRA), violations of the Fair Debt Collection Practices Act (FDCPA), and defamation and financial injury. Plaintiffs seek injunctive relief, monetary damages, and costs and expenses, including attorney fees. This court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1367. Defendant Mecca has filed a motion to dismiss plaintiff's complaint (#3) and a notice of intent to proceed with motion to dismiss as to plaintiffs' amended complaint and complaint (#14). Defendant Credit Bureau of Josephine County has filed a motion to dismiss counts four, five, and

six of plaintiffs' amended complaint (#32).  For the reasons explained below, defendants' motions to dismiss should be denied.

## I. **FACTS**

The following paragraphs paraphrase pertinent allegations in plaintiffs' amended complaint:

Rogue Valley Medical Center placed an unsubstantiated debt with defendant Credit Bureau of Josephine County (CBJC).  Defendant CBJC did not contact plaintiffs until November 9, 2006, stating that plaintiffs' account had been placed with it for collection.

Plaintiffs disputed the debt, in writing, and requested records to substantiate the debt.  Plaintiffs disputed the debt to both defendants CBJC and Mecca.  Plaintiffs' dispute was not reported to any consumer reporting agencies.

Defendant CBJC requested from a consumer reporting agency, and was furnished, a copy of plaintiffs' consumer credit report.  CBJC was not entitled to such a consumer report because plaintiffs disputed the debt and CBJC did not provide validation of the debt.

On or about September 1, 2006, defendant CBJC communicated credit information "which is known or which should be know[n] to be false," including the failure to communicate that a disputed debt is disputed.  (Am. Compl. at 4.)

Defendants  continued to report negative information to a consumer reporting agency which is known or which should be known to be false, including

the failure to communicate that a disputed debt is disputed.

Defendants did not validate the debt, but continued to pursue collection, including filing a civil action in state court against plaintiffs.

Defendants agents went to plaintiffs' home at their entrance gate and,

> in a very loud voice repeatedly yelled plaintiffs name "mike", "mike", "come out of your house", "I have legal papers for you", "you need to come out and get these legal papers now", "you need to get your ass out here and open your gate now", "I'm not leaving until you come out and open this gate"

(Am. Compl. at 5.)

Defendant CBJC reported a credit history to a credit bureau inaccurately, thereby defaming plaintiffs. Defendants have negatively impacted plaintiffs' credit scores by reporting an inaccurate credit history.

## II. LEGAL STANDARDS

Defendants bring their motion pursuant to Federal Rules of Civil Procedure 12(b)(6) on the ground that plaintiffs fail to state claims against them. Federal courts require notice pleading. A pleading must give fair notice and state the elements of the claim plainly and succinctly, showing the party is entitled to relief. Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1478 (9th Cir. 1986) (citing Fed. R. Civ. P. 8), dismissal denied, 487 U.S. 1215 (1988), aff'd, 488 U.S. 347 (1989). However, "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). The court accepts plaintiff's material

allegations in the complaint as true and construes them in the light most favorable to plaintiff.  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III.  DISCUSSION

In their amended complaint, plaintiffs allege claims for violation of the FCRA, 15 U.S.C. § 1681s-2; violation of the FCRA, 15 U.S.C. § 1681b; violation of the FDCPA, 15 U.S.C. § 1692e; violation of the FDCPA, 15 U.S.C. § 1692g; violation of the FDCPA, 15 U.S.C. § 1692d; and defamation and financial injury.

**Defendant Mecca's motion to dismiss**

Defendant Mecca contends that plaintiffs' complaints should be dismissed for the reason that no claim for violation of 15 U.S.C. section 1692e(11) is stated because plaintiffs do not allege that the initial communication did not contain the requisite disclosures, and because section 1692e(11) does not apply to a formal pleading made in connection with a legal action, which is the first communication by defendant Mecca alleged.  Plaintiffs respond that they have filed an amended complaint and nothing in defendant Mecca's motion pertains to the amended complaint and, therefore, his motion should be denied.

15 U.S.C. section 1692e provides that a debt collector may not use any

false, deceptive, or misleading representations or means in connection with the collection of any debt. Certain conduct constitutes a violation and is enumerated, including the following:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
> . . . .
> (11) The failure to disclose in the initial written communication with the consumer . . . , that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Defendant Mecca's argument is directed to allegations included in plaintiff's original complaint which has been superseded by the amended complaint filed by them. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). In plaintiffs' amended complaint, they include a claim for violation of section 1692e, but plaintiffs allege only that, after defendant Mecca was retained by defendant CBJC, defendants continued to report negative information to a consumer reporting agency which was known or should have been known to be false, including the failure to communicate that a disputed debt is disputed. (Am. Compl. At 4.)

Because defendant Mecca's arguments do not address any allegations included in plaintiffs' amended complaint, defendant's motion to dismiss should

Report and Recommendation - Page 5

be denied.

**Defendant Credit Bureau of Josephine County's motion to dismiss**

<u>Count Four - violation of 15 U.S.C. § 1692g</u>

Defendant CBJC contends that plaintiffs fail to state a claim for violation of 15 U.S.C. section 1692g because no provision of the FDCPA prohibits a creditor from filing suit against a debtor, citing section 1692e(11). Plaintiffs respond that, in count four, other than pointing out that defendants filed suit, plaintiffs also allege that defendants continued to report a negative collection account to a credit bureau which violates section 1692g(b).

Section 1692g(b), relating to validation of debts, provides in pertinent part that, if the consumer notifies the debt collector in writing within thirty days that the debt or any portion thereof is disputed, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . ." It further provides that collection activities and communications that do not violate the subchapter may continue during the thirty-day period "unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed . . . ."

Defendant misapprehends the allegations of count four. In count four, plaintiffs allege that they disputed the debt to both defendants, and that defendants did not validate the debt but continued to pursue collection, including filing suit, and that defendants continue to report a negative collection account to

Report and Recommendation - Page 6

a credit bureau. Further, section 1692e(11), upon which defendant relies, provides that "this paragraph" shall not apply to a formal pleading, see supra.

Defendant CBJC's motion to dismiss count four should be denied.

Count Five - violation of 15 U.S.C. § 1692d

Defendant contends that no claim is stated because all that is alleged is that its agent attempted to serve plaintiffs with legal process and section 1692e(11) does not apply to a formal pleading made in connection with a legal action. Plaintiffs respond that abusive, harassing, and oppressive behavior while attempting to serve summons does not comport with section 1692d. They argue that service of summons in connection with a debt is a collection effort and does not shield defendants.

Section 1692d relates to harassment or abuse and provides that, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Certain conduct constitutes a violation and is enumerated in the statute.

Plaintiffs allege that defendants' agents went to their home and yelled certain statements in a loud voice at their entrance gate. The Court cannot say that the conduct alleged by plaintiffs, see supra, does not come within the ambit of section 1692d and, therefore, defendant's motion to dismiss count five should be denied. Additionally, as pointed out, supra, section 1692e(11), upon which defendant relies, applies only to "this paragraph."

Count six - defamation and financial injury

Defendant contends only that "Count six fails to state a cause of action for defamation and/or 'financial injury.'" (Mem. At 2.)  Plaintiffs respond that all reasonable inferences must be drawn in their favor.  They contend that they repeatedly disputed the debt but defendants continued to report inaccurate information to a credit bureau.

To establish a claim for defamation, plaintiff must show that defendant made a defamatory statement about plaintiff which was published to a third party, and that the statement was false.  Simpson v. Burrows, 90 F. Supp.2d 1108, 1126 (D. Or. 2000); Wallulis v. Dymowski, 323 Or. 337, 342-43 (1996).  "'The gravamen of the tort of defamation is the injury to the plaintiff's reputation caused by a statement communicated to someone other than to the plaintiff.'" Kraemer v. Harding, 159 Or. App. 90, 103 (1999).  It is for the court to determine whether a communication is capable of a defamatory meaning. Farnsworth v. Hyde, 266 Or. 236, 238 (1973).

In count six, plaintiffs incorporate all prior allegations and allege that defendant reported a credit history to a credit bureau inaccurately thereby defaming them, and that defendants have negatively impacted their credit scores by reporting an inaccurate credit history.  They also refer to a Ninth Circuit case construing the FCRA, 15 U.S.C. 1681 et seq.

The Court finds that, at the pleading stage, plaintiffs' allegations are

Report and Recommendation - Page 8

sufficient to state a common law claim for defamation.

It appears that defendant may be entitled to a limited protection under provisions of the FCRA if necessary elements are satisfied.  See 15 U.S.C. §§ 1681h(e), 1681t(b); Domingo v. Equifax Credit Info. Servs., Inc., Civ. No. 94-52-FR, 1994 WL 519035, at *2 (D. Or. Sept. 13, 1994) (the FCRA provides a qualified immunity from common law tort claims); Weseman v. Wells Fargo Home Mortgage, Inc., No. CV 06-1338-ST, 2008 WL 542961 (D. Or. Feb. 22, 2008); Cope v. MBNA Am. Bank, NA, No. 04-CV-493-BR, 2006 WL 655742 (D. Or. Mar. 8, 2006).  However, at the motion to dismiss stage of the case, it is unclear whether either of these provisions apply.

Defendant CBJC's motion to dismiss count six should be denied.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that defendant Mecca's motion to dismiss (#3) and defendant Credit Bureau of Josephine County's motion to dismiss (#15) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  Objections to this Report and Recommendation, if any, are due by April 2, 2008.  If objections are filed, any responses to the objections are due 14 days after the objections are filed.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

                                      DATED this __19___ day of March, 2007.

                                      ___/s/ Mark D. Clarke_____
                                      UNITED STATES MAGISTRATE JUDGE