FILED'10 AUG 19 11:01USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **Michael McNall; and Karyl McNall,** | Case Number CV 07-3075-CL |
| Plaintiffs, | **ORDER** |
| v. | |
| **Credit Bureau of Josephine County, Inc.;** and **Christopher D. Mecca,** | |
| Defendants. | |

Clarke, Magistrate Judge:

## INTRODUCTION

Plaintiffs Michael McNall and Karyl McNall ("Plaintiffs") bring this case against Defendant Credit Bureau of Josephine County, Inc, ("CBJC") under the Fair Debt Collection Practices Act ("FDCPA"). This court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1367. The parties have executed written consents to entry of judgment by a magistrate judge (#60). 28 U.S.C. § 636(c). The court granted summary judgment against all of Plaintiffs' claims except for Count Three of the First Amended Complaint against Defendant CBJC alleging a violation of section 1692e of the FDCPA which, among other things, requires a debt collector to communicate to a third party that a "disputed debt is disputed." Defendant

Order 1

CBJC filed an Amended Answer alleging two affirmative defenses of good faith in an attempt to avoid strict liability under the FDCPA. Plaintiffs have filed a motion for judgment on the pleadings under Federal Rules of Civil Procedure 12(c) (#154) contending that, as a matter of law, these defenses fail. Defendant CBJC contend that granting judgment on the pleadings in favor of Plaintiffs would produce an absurd result. Defendant CBJC has also filed a motion for judgment on the pleadings (#159), contending that its failure to report the disputed debt was in good faith and was a technical failure. For the reasons set forth below, the court grants Plaintiffs' motion and denies Defendant's motion.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." For the purposes of the motion, the court may not rely on evidence outside the pleadings. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990). The factual allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. Id. All inferences reasonably drawn from the alleged facts must be construed in favor of the nonmoving party. Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, 896 F.2d at 1550; see also Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir.2001) ("'A judgment on the

pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'").

## FACTUAL BACKGROUND

Plaintiffs incurred a debt at Rogue Valley Medical Center ("RVMC") for treatment received by their son. Defendant CBJC was retained by RVMC to collect on the debt. Plaintiffs allege in part in their First Amended Complaint that Defendant "CBJC caused a negative credit report to be filed with Experian and TransUnion against Plaintiffs credit." (Am. Compl. ¶ 5.) "Plaintiff's [sic] disputed said debt." (Am. Compl. ¶ 7.) In Count Three, Plaintiffs allege that Defendant CBJC violated 15 U.S.C. § 1692e of the FDCPA when it "communicated credit information which is known or which should be know[n] to be false, including the failure to communicate that a disputed debt is disputed." (Am. Compl. ¶ 20.) "While plaintiffs disputed said debt, defendant CBJC did not communicate or report that a debt is disputed." (Am. Compl. ¶ 22.) In its Amended Answer, Defendant CBJC admits that it did not report the debt as disputed. (Am. Answer ¶ 4 (referencing Am. Compl. ¶ 22).)

Defendant CBJC has alleged the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE
(GOOD FAITH)
6.
Defendant was told by Plaintiffs that they (Plaintiffs) disputed said debt with the reporting agency. Defendant did not report said dispute as said dispute had already been reported.
SECOND AFFIRMATIVE DEFENSE
Defendant alleged violation of 1692e(8) was an unintentional bona fide error made despite the maintenance of procedures reasonably adapted to avoid the error.

Order 3

(Am. Answer ¶ 6.)

The court in its order ruling on summary judgment made the following relevant factual findings[1]: "On September 20, 2006, plaintiffs sent a letter to three credit reporting agencies--Equifax, Experian, and Trans Union--advising them that they fully disputed the billing from RVMC Billing Department." (#130 Order at 7.) Plaintiffs deny this allegation but are willing to admit it for purposes of this motion. (Pls. Mem. at 5, 6.) The court further found "Defendant CBJC made adverse credit reporting to the three leading national credit reporting agencies--Equifax, Experian, and Trans Union--on plaintiffs as to RVMC account in January 2007, as indicated in its system." (#130 Order at 8.) Defendant CBJC admits it did not report the debt as disputed because Plaintiffs had already done so. (Am. Answer ¶ 4.)

## ANALYSIS

The FDCPA imposes civil liability on a "debt collector," as defined by the statute, 15 U.S.C. § 1692a(6), for certain prohibited conduct, including 15 U.S.C. ¶ 1692e which provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Certain enumerated conduct constitutes a violation, including "(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

It is undisputed based on the pleadings that when Defendant CBJC reported Plaintiffs'

---

[1] Certain of the court's factual findings on summary judgment are included for context; they are not necessary to resolution of the parties' motions.

Order 4

debt to the credit agencies, it knew that Plaintiffs disputed the debt. Defendant CBJC alleges in its amended answer it did not report the debt as disputed because Plaintiffs had already done so.

A debt collector who "fails to comply with any [FDCPA] provision with respect to any person is liable to such person" for "actual damage[s]," costs, "a reasonable attorney's fee as determined by the court," and limited statutory "additional damages." 15 U.S.C. § 1692k(a) However, section 1692k(c) provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The Ninth Circuit has made clear that the FDCPA provides for strict liability except for very narrow circumstances including those set forth in 1692k(c), which covers unintended factual or clerical mistakes. In Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1175-76 (9th Cir. 2006), the Ninth Circuit interpreted section 1692e considering as a matter of first impression whether a violation of the section may be predicated upon conduct that is neither knowing nor intentional. "Parsing the FDCPA with the aim of placing § 1692e in its proper context," and considering section 1692k(c), supra, the Clark court determined:

> As our colleagues in other circuits have concluded, this broad language seems to make the FDCPA a strict liability statute.
> Latching onto that conclusion, the Seventh Circuit has held that "§ 1692e applies even when a false representation was unintentional." Gearing v. Check Brokerage Corp., 233 F.3d 469, 471 (7th Cir. 2000). The Second Circuit has adopted a similar position. See Russell[ v. Equifax A.R.S.], 74 F.3d [30,] 33, 36 [(2d Cir. 1996)].
> We agree with the Second and Seventh Circuits. Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c). Instead, intent is only relevant to the determination of damages. We are convinced that this reading of the FDCPA is more in harmony with the remedial nature of the statute, which requires us to interpret it liberally.

Order 5

(Some citations omitted.)

The Supreme Court has recently held that section 1692k(c) does not apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, ___ U.S. ___, 130 S. Ct. 1605 (2010). In Jerman, plaintiff Jerman contended that a law firm, Carlisle, had violated section 1692g by sending her a notice stating that the mortgage debt at issue would be assumed to be valid unless plaintiff disputed it in writing. Section 1692g requires a debt collector to send the consumer a written notice including, among other things, "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to ve valid by the debt collector." 15 U.S.C. § 1692g(a)(3). Although the trial court held that Carlisle had violated section 1692g by requiring Jerman to dispute the debt in writing, it concluded that section 1692k(c) shielded Carlisle from liability because the violation was not intentional, resulted from a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid such error. Although the Sixth Circuit on appeal acknowledged that the "'majority view is that the defense is available for clerical and factual errors only,'" it found that section 1692k(c) extended to "'mistakes of law'" and affirmed the trial court's decision. ___ U.S. at ___, 130 S. Ct. at 1609-10. The Supreme Court reversed, holding that, "This Court may not, however, read more into § 1692k(c) than the statutory language naturally supports. We therefore hold that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute." ___ U. S. at ___, 130 S. Ct. at 1624.

In this case, as shown in the pleadings, Defendant CBJC made a conscious decision not to

Order 6

report Plaintiffs' debt as disputed when it reported the debt to the credit agencies. Defendant CBJC was required to do so by the specific terms of 15 U.S.C. §1692e(8). The failure to report was not an unintended factual or clerical mistake. Defendant CBJC does not cite and this court is not aware of any provision of the FDCPA or any case which holds that a debt collector need only report the debt as disputed when the debtor has not already done so. A mistake of law is not a defense. Jerman, ___ U.S. at ___, ___, 130 S. Ct. at 1608, 1624.

Defendant CBJC also allege a general good faith defense based upon 15 U.S.C. § 1692k(e) which provides:

> No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

Defendant cites to the following language from the Federal Trade Commission ("FTC") Staff Commentary to the FDCPA section 1692e(8) (Def. Opp'n at 3):

> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer, either from receipt of written notice (section 809) or other means, and reports it to a credit bureau, he must report it as disputed.
> 2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.

FTC Staff Commentary on the Fair Debt Collection Practices Act, *available at* http://www.ftc.gov/os/statutes/fdcpa/commentary.shtm.

The cited commentary simply confirms that, if known to the debt collector at the time, a debt must be reported as disputed when it is reported to a credit agency. However, if the debt collector only later learns that the debt is disputed, it does not need to report it to the credit

Order 7

agency. This is not the situation in this case. Defendant CBJC knew Plaintiffs disputed the debt when it reported the debt to the credit agencies. Defendant simply chose not to report the debt as disputed on the erroneous belief that it was relieved of its obligation because Plaintiffs had already reported the debt as disputed to the same agencies. Therefore, even assuming the cited FTC Staff Commentary applies,[2] it does not provide Defendant CBJC a defense in this case.

## CONCLUSION

Although Defendant CBJC may have been acting with a sincere belief that under the circumstances it legally did not need to report Plaintiffs' debt to the credit agencies as disputed and, in the circumstances here, the violation is a technical violation, this court finds that, as a matter of law, Defendant CBJC violated 15 U.S. C. § 1692e(8) by failing to report to the credit agencies that Plaintiffs' debt was disputed, as known to it at the time of reporting, and Defendant CBJC cannot prevail on its defenses alleged in its Amended Answer.

## ORDER

Based on the foregoing, Plaintiffs' motion for judgment on the pleadings (#154) is granted and Defendant's motion for judgment on the pleadings (#159) is denied.

---

[2] The Ninth Circuit stated in Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1513 n.4 (9th Cir. 1994):
> We note that the FTC has stated that its FDCPA commentary is "not a formal trade regulation rule or advisory opinion of the Commission, and thus is not binding on the Commission or the public." 53 Fed.Reg. at 50, 101. Previously, we have also noted the limited precedential value of FTC pronouncements regarding the FDCPA in light of the restricted scope of its power under the Act. See Pressley v. Capital Credit & Collection Service, 760 F.2d 922, 925 & n. 2 (9th Cir. 1985).

The court will set a scheduling conference to discuss resolution of the damages issue.

IT IS SO ORDERED.

DATED this 19 day of August 2010.

MARK D. CLARKE
United States Magistrate Judge