FILED'10 SEP 23 9:38USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **Michael McNall; and Karyl McNall**, | Case Number CV 07-3075-CL |
| Plaintiffs, | **ORDER** |
| v. | |
| **Credit Bureau of Josephine County, Inc.;** and **Christopher D. Mecca**, | |
| Defendants. | |

CLARKE, Magistrate Judge:

In this Fair Debt Collection Practices Act case, the court has granted defendant Mecca's motion for summary judgment and granted defendant Credit Bureau of Josephine County's (CBJC) motion for summary judgment in part, leaving plaintiff's Count Three claim for violation of 15 U.S.C. § 1692e(8) pending (#130); and it has granted plaintiffs' motion for judgment on the pleadings as to defendant CBJC's defenses (#160). For the reasons explained below, the court awards plaintiffs $250.00 in statutory damages, and their costs and reasonable attorney's fees.

### DISCUSSION

The court has found that defendant CBJC violated 15 U.S.C. § 1692e(8) by failing to

Order 1

report to the credit agencies that plaintiffs' debt was disputed. As to Count Three, plaintiffs seek an award of "$1,000.00 for each plaintiff." (Am. Compl. Prayer ¶ 4.) They also seek reasonable costs and expenses of the action including attorney's fees, and such other and further relief as the court deems just and equitable.

Pursuant to section 1692k(a), plaintiffs may recover actual damages, statutory damages not to exceed $1,000, and costs of the action together with reasonable attorney's fees as determined by the court. Statutory damages are available without proof of actual damages. Baker v. G.C. Servs. Corp., 677 F.2d 775, 780-81 (9th Cir. 1982); Dunn v. Derrick E. McGavic, P.C., 653 F. Supp.2d 1109, 1115 (D. Or. 2009). The $1,000 statutory damages limitation is "per action." Harvey v. United Adjusters, 509 F. Supp.1218, 1222 (D. Or. 1981); Avery v. Gordon, No. 08-139-HU, 2008 WL 4793686, at *3 (D. Or. Oct. 27, 2008). In determining statutory damages, the court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)((1).

In this case, defendant CBJC admits it did not report the debt as disputed to the credit agencies because plaintiffs had already done so. There is nothing in the record which suggests that defendant's decision not to report the debt as disputed was other than a good faith misinterpretation of statutory requirements. And there is nothing which suggests that the decision was other than an isolated decision made on the unique facts where plaintiff had already notified the credit agencies that they disputed the debt.

## ORDER

Based on the foregoing, plaintiffs are awarded $250.00 in statutory damages; and their

Order 2

costs and reasonable attorney's fees to be determined by the court. Judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED this 23 day of September 2010.

_____
MARK D. CLARKE
United States Magistrate Judge

Order 3