FILED'11 FEB 22 13:18USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**Michael McNall; and Karyl McNall**,

Plaintiffs,

v.

**Credit Bureau of Josephine County, Inc.;**
and **Christopher D. Mecca**,

Defendants.

Case Number CV 07-3075-CL

**ORDER**

CLARKE, Magistrate Judge:

Following entry of judgment in this Fair Debt Collection Practices Act case, plaintiffs

have moved for an award of attorney fees and costs [#174]. For the reasons explained below, the

court awards plaintiffs $7,607.60 in attorney fees which includes $547.60 in nontaxable

expenses.

**BACKGROUND**

Plaintiffs, representing themselves pro se, initially filed their complaint in September

2007 against defendants Rogue Valley Medical Center, Credit Bureau of Josephine County, Inc.

(CBJC) and Christopher Mecca for violation of the Fair Debt Collection Practices Act

Order 1

(FDCPA).[1] After defendant Mecca filed a motion to dismiss, plaintiffs filed an amended complaint alleging the following claims: Count One against defendant CBJC for furnishing a credit reporting agency with negative information prior to notice to plaintiff and failing to report a debt was disputed, in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681s-2; Count Two against defendant CBJC for obtaining a consumer credit report in violation of FCRA section 1681b; Count Three, against both defendants for failing to communicate that a debt was disputed in violation of FDCPA section 1692e; Count Four against both defendants for failing to validate a disputed debt in violation of FDCPA section 1692g; Count Five against both defendants for conduct of the process server in violation of FDCPA section 1692d; and Count Six against defendant CBJC for defamation for reporting inaccurate credit history to a credit bureau.[2] Plaintiffs sought injunctive relief, $1,000 in damages as to each plaintiff for each violation of Counts One through Five, and unspecified damages "as deemed necessary" as to Count Six (Am. Compl. at 6). The court denied defendant Mecca's and defendant CBJC's motions to dismiss the amended complaint [#26, #28].

On January 21, 2009, plaintiffs filed a notice of appearance by counsel. In February 2010, this court granted defendant Mecca's motion for summary judgment as to all claims against him. It granted defendant CBJC's motion for summary judgment on all claims except Count Three, which alleged that defendant failed to communicate that a debt is disputed, in violation of

---

[1] The underlying debt arose out of services provided to plaintiffs' son by Rogue Valley Medical Center. Mecca filed a complaint on behalf of CBJC against plaintiffs to collect the debt. Judgment was entered in favor of CBJC in June 2008, and the Oregon Court of Appeals affirmed the judgment in April 2009.

[2] Plaintiffs omitted Rogue Valley Medical Center as a defendant in their amended complaint.

Order 2

the FDCPA section 1692e.  The court also denied plaintiffs' motion for leave to file an amended

complaint and plaintiffs' motion for partial summary judgment as to the claim they

unsuccessfully sought to add in the proposed amended complaint [#130].

Defendant CBJC then filed an amended answer asserting two new affirmative defenses of

good faith.  On cross-motions for judgment on the pleadings as to defendant CBJC's affirmative

defenses, this court granted plaintiffs' motion and denied defendant CBJC's motion.  The court

found that, although defendant CBJC's violation was " a technical violation" in the

circumstances, defendant violated section 1692e(8) as a matter of law by failing to report to the

credit agencies that plaintiffs' debt was disputed, as known to it at the time of reporting [#160].

In a separate order, the court awarded plaintiffs $250.00 in statutory damages and their

costs and reasonable attorney fees [#165].  In making this award, the court concluded:

> In this case, defendant CBJC admits it did not report the debt as disputed
> to the credit agencies because plaintiffs had already done so.  There is nothing in
> the record which suggests that defendant's decision not to report the debt as
> disputed was other than a good faith misinterpretation of statutory requirements.
> And there is nothing which suggests that the decision was other than an isolated
> decision made on the unique facts where plaintiff had already notified the credit
> agencies that they disputed the debt.

Judgment was entered on September 23, 2010.

## DISCUSSION

Plaintiffs move for an award of attorney fees in the amount of $28,787.13 which includes

$28, 239.53 for attorney fees[3] and $547.60 for nontaxable expenses.  Plaintiffs' taxable costs

were taxed on November 17, 2010 [#184].

---

[3] The amount requested includes a voluntary reduction of ten percent to account for any
excessive or unnecessary time entry in the submitted time reports. (Pl. Mem. at 16.)

Order 3

**Eligibility for Attorney Fees**

In opposition to plaintiffs' motion, defendant argues that, because plaintiff prevailed on only one claim against one defendant and were awarded $250.00 in damages, this is not a "successful action" under section 1692k(a)(3), plaintiffs are not the prevailing parties, and they are not eligible for an attorney fee award. Section 1692k(a)(3) of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." The court has found that defendant violated section 1692e(8) of the FDCPA, awarding plaintiffs statutory damages and their costs and reasonable attorney fees [#165]. The Ninth Circuit has held that, "The FDCPA's statutory language [in section 1692k(a)(3)] makes an award of fees mandatory." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citing Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995) ("The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA."); Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general")); see Zagorski v. Midwest Billing Servs. Inc., 128 F.3d 1164, 1166 (7th Cir. 1997) (judgment of $100 in favor of plaintiff on some but not all claimed FDCPA violations is "'successful action'"). Accordingly, plaintiffs have pursued a successful action and are eligible for an award of attorney fees, as this court has previously ordered.

Order 4

**Standards for Award of Attorney Fees**

"The case law construing what is a 'reasonable' [attorney] fee applies uniformly to all federal fee-shifting statutes," Haworth v. Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995) (some quotation marks omitted), such as section 1692k(a)(3) at issue here, Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1140 (9th Cir. 2009). Generally, the starting point for determining a reasonable attorney's fee is the "lodestar" figure, which is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1993); see Comm'r of Internal Rev. v. Banks, 543 U.S. 426, 438 (2005) ("In the federal system statutory fees are typically awarded by the court under the lodestar approach.") The lodestar figure presumptively represents a reasonable attorney's fee. Gates, 987 F.2d at 1397. In "rare" cases, upward or downward adjustments may be made to the lodestar figure for factors which are not deemed subsumed in the initial calculation. Id. at 1402. Factors which are to be considered in determining a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by an attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by a client or other circumstances; (8) the amount in question and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 1402 n.5 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). However, because certain factors are taken into account in calculating the lodestar, the Ninth Circuit has determined that such factors "'cannot serve as independent bases for adjusting fee

Order 5

awards.'"  These factors include:  "'(1) the novelty and complexity of the issues, (2) the special

skill and experience of counsel, (3) the quality of representation, and (4) the results obtained.'"

Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988), vacated, 490 U.S. 1087

(1989), decision reinstated, 886 F.2d 235 (1989) (citing Blum v. Stenson, 465 U.S. 886, 898-900

(1984)).

 The court must review the petition for attorney fees for reasonableness, even if no

objection has been raised as to the number of hours billed or the hourly rate used.  Gates, 987

F.2d. at 1401.  The district court has "considerable discretion" in determining the reasonableness

of a fee award.  Webb v. Ada County, 195 F.3d 524, 526 (9th Cir. 1999).

### Application

 Plaintiffs seek hourly rates of $185.00 for the period January 1-31, 2009; $200.00 for the

period February 1, 2009, to July 31, 2009; and $240.00 for the period August 1, 2010, to the

present, for legal services performed by attorney G. Jefferson Campbell, Jr., and $70.00 per hour

for paralegal services for the period at issue, applied to approximately 169 hours.  Defendant

does not object to the hourly rates claimed or the hours expended in the case, but contends that

the fee award sought is excessive in light of plaintiffs' limited success compared to the original

scope of the litigation.  Defendant asserts that, if any fee award is made, an award of $500 is

more than adequate.

 The Court finds that the hourly rates claimed by plaintiffs' attorney for his services are

reasonable rates for the time periods involved for an attorney of his background and experience

in the Medford area community, and that the $70.00 claimed for paralegal service is also a

reasonable rate.

Order 6

Plaintiffs' counsel has voluntarily reduced his attorney fee request by 10% to account for any excessive or unnecessary time entry in the submitted time reports. The Court has reviewed the time reports submitted and finds that the hours claimed for the legal services performed by counsel, as voluntarily reduced, appear reasonable and, therefore, no adjustment for billing judgment need be made.

Defendant Mecca was granted summary judgment on all claims against him and defendant CBJC was granted summary judgment as to all claims against it except for Count Three, as to which the court found defendant was liable based on the pleadings and ultimately awarded $250.00 in statutory damages. Following <u>Hensley</u>, the Ninth Circuit has developed a two-part analysis where plaintiff's success is limited, as here:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

<u>Thorne v. City of El Segundo</u>, 802 F.2d 1131, 1141 (9th Cir. 1986).

The <u>Hensley</u> Court held that, "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." 461 U.S. at 440; <u>Thorne</u>, 802 F.2d at 1141. Unrelated claims are "distinctly different" and based on different facts and legal theories, while related claims "involve a common core of facts or [are] based on related

Order 7

legal theories." Hensley, 461 U.S. at 434-35, 437 n.12; Thorne, 802 F.2d at 1141. The Ninth

Circuit applies a "course of conduct" benchmark to determine whether claims are related or

unrelated: "the test is whether relief sought on the unsuccessful claim 'is intended to remedy a

course of conduct entirely distinct and separate from the course of conduct that gave rise to the

injury on which the relief granted is premised.'" Thorne, 802 F.2d at 1141 (citation omitted).


Plaintiffs were successful on one claim against one defendant of nine claims alleged

against two defendants. The court finds that five of the eight claims on which plaintiffs were

unsuccessful – Count Two against defendant CBJC for obtaining a consumer credit report,

FCRA section 1681b; Count Four against both defendants for failing to validate a disputed debt,

FDCPA section 1692g; and Count Five against both defendants for conduct of the process server,

FDCPA section 1692d – were unrelated to plaintiffs' successful claim, Count Three, which

concerned a failure to communicate that a debt was disputed. The court finds that plaintiffs'

Count One against defendant CBJC for furnishing a credit reporting agency with negative

information prior to notice to plaintiff and failing to report debt was disputed in violation of

FCRA section 1681s-2, Count Three against defendant Mecca, and Count Six against defendant

CBJC for defamation for reporting inaccurate credit history to a credit bureau, are related to

plaintiffs' successful claim. Plaintiffs' fee award must be reduced by any time spent on plaintiffs'

unrelated unsuccessful claims. Hensley, 461 U.S. at 435, 440; Thorne, 802 F.2d at 1141.

In excluding from the calculation of a reasonable attorney fee the hours spent litigating

the unsuccessful claims, the court "may attempt to identify specific hours that should be

eliminated, or it may simply reduce the award to account for the limited success." Hensley, 461

Order 8

U.S. at 436-37. With the exception of counsel's time following the court's order on summary judgment in February 2010 which was necessarily spent on the successful claim, the Court is unable to segregate the work performed on plaintiffs' successful claim and related claims from work performed on the unrelated unsuccessful claims, and thereby reduces the fee award to account for plaintiffs' limited success.

In its prior orders, the court has found that defendant CBJC's failure to report plaintiffs' debt as disputed was a technical violation and that such failure was an isolated decision made in a good faith misinterpretation of statutory requirements. No abusive pattern is at issue here. Plaintiffs pursued nine claims against two defendants in which in excess of $12,000 in damages was sought; they prevailed on one claim against one defendant and were awarded $250.00 in statutory damages. Considering all of the circumstances, particularly plaintiffs' unsuccessful unrelated claims and plaintiffs' minimal success in this case, the Court finds that a seventy-five percent reduction is justified. Reducing the "lodestar figure" of $28,239.53 sought by plaintiffs by seventy-five percent results in a figure of $7,060.00.[4]

The most critical factor in determining a reasonable fee award is the degree of success obtained. Hensley, 461 U.S. at 436; Farrar v. Hobby, 506 U.S. 103, 114 (1992). With the

---

[4] The $28,239.53 "lodestar figure" represents the hours shown on the time reports multiplied by the respective rates, which totals $31,377.25, with a voluntary reduction of ten percent taken by plaintiffs. (Mot. at 2; Campbell Decl. at 2 & n.*, Ex. A at 25; Pl. Mem. at 16.)
    Ordinarily, the court reduces the hours found to have been reasonably expended to reach the lodestar figure. However, the result is the same. The Ninth Circuit has stated that a reduction of the lodestar calculation to account for the results obtained in the litigation is harmless because, "What matters is that the district court [does] not 'count' for lack of success twice." The court stated, "Mathematically, it is inconsequential whether the lodestar figure itself is adjusted for lack of success or whether the reasonable hours component of the lodestar is adjusted for lack of success." Cabrales , 864 F.2d at 1465 (footnote omitted).

Order 9

adjustment made for the results obtained by plaintiffs in this case, the court finds that the resulting $7,060.00 figure is fair and reasonable compensation for the work performed on plaintiffs' successful claim. See Hensley, 461 U.S. at 436-37; Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 904-05 & n.3 (9th Cir. 1995) (and cases cited) (reduction in lodestar to exclude unsuccessful claims; trial court's approach of assuming twenty-five percent of hours expended on one successful claim of four claims consistent with Hensley and Ninth Circuit law); Harris v. Marhoefer, 24 F.3d 16, 18-19 (9th Cir. 1994) (reduction of lodestar figure by fifty percent for lack of success).

It is noteworthy that the United States Supreme Court in Farrar, 506 U.S. at 114-15, found that the technical nature of a nominal damage award bears on the propriety of an attorney fee award under 42 U.S.C. § 1988. The Court concluded that, after a court considers the amount and nature of damages awarded, a low fee award or an award of no fees may be made without reciting the twelve factors bearing on the reasonableness of the fee or calculating the lodestar amount. (Citing Hensley, 461 U.S. at 430 n.3, 433); see Carroll v. Wolpoff & Abramson, 53 F.3d 626 (4th Cir. 1995) (relying on Farrar, trial court awarded $500 fee where plaintiff recovered $50 for technical violation of FDCPA; affirmed); Thornton v. Wolpoff & Abramson, L.L.P., 312 Fed. Appx. 161, 162, 164-65 (11th Cir. 2008) (per curiam) (citing Farrar, no abuse of discretion in awarding low fee of $7,500, approximately 15% of fees requested, where plaintiff recovered nominal award of $1 in statutory damages for one violation of FDCPA); see also Pietrowski v. Merchs. & Med. Credit Corp., 256 F.R.D. 544, 548 (E.D. Mich. 2009) (to extent plaintiff brought a successful action, her victory was of such a technical or de minimus nature

Order 10

that award of fees unwarranted, citing Farrar, where plaintiff sought $31,000 in fees after jury found violation of FDCPA but no damages awarded).

**Nontaxable Expenses as Part of Attorney Fee Award**

Plaintiffs seek $547.60 in nontaxable expenses as part of their fee award. As successful plaintiffs, they are entitled to "the costs of the action" pursuant to section 1692k(a)(3), as this court has ordered. Out of pocket expenses and other costs which are not recoverable as taxable costs under 42 U.S.C. § 1920, but are typically charged to a fee-paying client, may be allowed by the court as part of an attorney fee award. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), amended, 808 F.2d 1373 (9th Cir. 1987); Giovannoni v. Bidna & Keys, 255 Fed. Appx. 124, 126 (9th Cir. 2007) (trial court abused discretion by not awarding non-taxable costs as part of attorney fees under section 1692k(a)(3)); Larsen v. JBC Legal Group, 588 F. Supp.2d 360, 365 (E.D.N.Y. 2008) (awarding out of pocket expenses to successful consumer in FDCPA action).

The court has reviewed counsel's submitted itemized expense report and finds that the photocopy charges, fax charges, and postage billed over the course of this litigation are costs typically charged to a fee paying client, and appear reasonable and necessary. Defendant does not address plaintiffs' request for non-taxable expenses. The expenses sought in the amount of $547.60 are allowed.

**ORDER**

Based on the foregoing, the court grants in part and denies in part plaintiffs' motion for attorney fees [#174] and awards plaintiffs $7,060.00 in attorney fees and $547.60 in nontaxable

Order 11

expenses, for a total attorney fee award of $7,607.60.

    IT IS SO ORDERED.

    DATED this _____ day of February 2011.

    _____
    MARK D. CLARKE
    United States Magistrate Judge

Order 12